UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nadine Cornelius, | ) | **C/A No. 3:06-3387-MBS-BM** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Samuel Howell; | ) | |
| City of Columbia; | ) | |
| Richland County; | ) | **Report and Recommendation** |
| Nicole Anderson; | ) | |
| Edward Anderson; | ) | |
| Camille Anderson; | ) | |
| Joshua Anderson; | ) | |
| FNU LNU; | ) | |
| Mr. And Mrs. Cleophur Morris and Daughter; | ) | |
| Kenneth LNU; | ) | |
| Mrs. Barbara Cornelius Hicks; | ) | |
| Ms. Melvin Cornelius; | ) | |
| FNU LNU; | ) | |
| Carolyn Hill and Light-Skin Boyfriend; | ) | |
| Mr. Charles Geiger; | ) | |
| Mrs. Susan Geiger; | ) | |
| Tyrone Geiger; and | ) | |
| Cricket Geiger, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | | |

The plaintiff is a resident of Columbia, South Carolina. All of the individual defendants are residents of South Carolina. The City of Columbia and Richland County are also named as defendants. The plaintiff has paid

1



the full filing fee of three hundred fifty dollars ($350).  *See* Receipt No. 300016601 (D.S.C., December 1, 2006).

In an order filed in this case on December 6, 2006, the undersigned directed the plaintiff to submit summonses and an amended complaint on the court approved *pro se* complaint form.[1]  The plaintiff has submitted the summonses but has not submitted an amended complaint.

In her original complaint (Entry No. 1), the plaintiff states, on page 1, that she is seeking "a quarter of a million dollars for everything that was done" to her.  Plaintiff appears to be alleging that the individual defendants entered

---

[1] The undersigned directed the plaintiff to submit an amended complaint because the original complaint is seventy-four (74) pages in length and is characterized by what some courts have described as "buzzwords" or "gibberish[.]"  *See* Coghlan v. Starkey, 852 F.2d 806, 812-816 (5th Cir. 1988)(collecting cases); Ramos v. Thornburg, 732 F. Supp. 696, 702 (E.D.Texas 1989); Stafford v. Ellis, 1992 U.S.Dist. LEXIS® 12007 (D.Colo. 1992); Yocum v. Summers, 1991 U.S.Dist. LEXIS® 12091, 1991 WESTLAW® 171389 (N.D.Ill. 1991); McCutcheon v. New York Stock Exchange, 1989 U.S. Dist. LEXIS® 8141, 1989 WESTLAW® 82007 (N.D.Ill., July 10, 1989); Peebles v. National Collegiate Athletic Association, 1988 U.S.Dist. LEXIS® 17247 (D.S.C., November 1, 1988)(magistrate judge's Report and Recommendation), *adopted*, 723 F. Supp. 1155 (D.S.C. 1989), *affirmed*, 887 F.2d 1080 (4th Cir. 1989)[Table]; United States v. Messimer, 598 F. Supp. 992, 993 (C.D.Cal. 1984)(describing pleadings filed by *pro se* litigant as "thirty-four pages of bizarre, repetitive and incomprehensible claims, contentions and sometimes gibberish"); U.S.A. ex rel. Cole v. La Vallee, 376 F. Supp. 6, 12 (S.D.N.Y. 1974); and Sauers v. Commissioner, 771 F.2d 64, 66 (3rd. Cir. 1985), *cert. denied*, 476 U.S. 1162 (1986).  In fact, the complaint in the case at bar is somewhat similar to the *pro se* pleadings filed by a litigant in Bryant v. U Haul, 1994 U.S.Dist. LEXIS® 2189, *2, 1994 WESTLAW® 67803 (E.D.Pa., February 25, 1994)("Aside from these slight variations, each complaint consists merely or an unintelligible recitation of unconnected names and places or similar gibberish.").  *See also* Lindsay v. Mid-Continent Fed. S&L Ass'n, 1995 U.S.Dist LEXIS® 5764, 1995 WESTLAW® 254261 (D.Kan., April 26, 1995); and *cf*. In Re Urcarco Securities Litigation, 148 F.R.D. 561, 566, 1993 U.S.Dist. LEXIS® 6841 (N.D. Texas 1993), *affirmed*, Melder v. Morris, 27 F.3d 1097, 1994 U.S.App. LEXIS® 20448 (5th Cir. 1994).



her house and took money from her, and that "the City of Columbia and Richland County knew what they did[.]" (Complaint, at page 2). Plaintiff also alleges that the defendants used "equipment" which damaged her home.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446

---

[2] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978).

As the plaintiff is a *pro se* litigant, her pleadings are accorded liberal construction.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); Cruz v. Beto, 405 U.S. 319 (1972);  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  The requirement of liberal construction does not, however, mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).  Here, after careful review of Plaintiff's filings, the undersigned has determined that this case is subject to summary dismissal by this Court.

## Discussion

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352, 1998 U.S.App. LEXIS® 13210 (4th Cir. 1998).  Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction.  Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399, 1999

4



U.S.App. LEXIS® 20859 (4th Cir. 1999), *cert. denied*, Pinkley, Inc. v. Servacek, 528 U.S. 1155, 2000 U.S. LEXIS® 1043 (2000)(*citing* Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895)).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."  Bulldog Trucking, supra, 147 F.3d at 352.  *See also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331.  "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint."  Davis v. Pak, 856 F.2d 648, 650, 1988 U.S.App. LEXIS® 12311 (4th Cir. 1988)(*citing* McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)).  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]"  If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may [still] find that it has jurisdiction if the facts supporting jurisdiction have been clearly

5



pleaded." Pinkley, Inc., supra, 191 F.3d at 399 (*citing* 2 Moore's Federal Practice § 8.03[3] (3rd edition 1997)). Nevertheless, if the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Lovern v. Edwards, 190 F.3d 648, 654, 1999 U.S.App. LEXIS® 20860 (4th Cir. 1999). Here, the individual defendants — the ones who allegedly entered the plaintiff's home, damaged her home, and stole her money — are entitled to summary dismissal as party Defendants because they have not acted under color of state law such as to provide federal question jurisdiction, nor is there diversity of citizenship.

In order to state a federal cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *See* Gomez v. Toledo, 446 U.S. 635, 640 (1980); and American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-52, 1999 U.S. LEXIS® 1711 (1999). *See also* Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982). None of the individual defendants are alleged to be government employees or actors. Although private individuals can act under color of state law, their actions must occur where the private individual is a willful participant in joint



action with the State or with an agent of the State. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See* Lugar v. Edmondson Oil Co., supra, 457 U.S. at 936; and Burton v. Wilmington Parking Authority, 365 U.S. 715, 721 (1961).

Whether a private individual's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974). In Blum v. Yaretsky, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. It is also well settled that "a private person does not act under color of state law simply because he invokes state authority." Brummett v. Camble, 946 F.2d 1178, 1184 (5th Cir. 1991), *cert. denied*, Campbell v. Brummett, 504 U.S. 965 (1992).[3] *See also*

---

[3] In this citation, there are variant spellings of the party known as Camble or Campbell.



Auster Oil & Gas Co., Inc. v. Stream, 764 F.2d 381, 388 (5th Cir. 1985); American Mfr. Mut. Ins. Co. v. Sullivan, supra, 526 U.S. at 50-52 (held: private insurer did not act under color of state law, for purposes of 42 U.S.C. § 1983, when it terminated payment of workers compensation benefits pending review); and *cf.* Kreschollek v. Southern Stevedoring Co., 223 F.3d 202, 2000 U.S.App. LEXIS® 18189 (3rd Cir. 2000)(applying holding in Sullivan to suit alleging action under color of federal law: termination of LHWCA [Longshoremen and Harbor Workers' Compensation Act] benefits by insurance company did not involve "federal government" action).  Hence, the entering into the plaintiff home and the stealing of the plaintiff's money by the individual defendants, even if these allegations are assumed to be true, does not constitute action under color of state law.  Moreover, in light of the fact that the plaintiff is alleging that the City of Columbia and Richland County only "knew what they did" (Complaint, at page 2), no adverse state action on the part of the City of Columbia or Richland County has occurred, and these two defendants are also entitled to dismissal as party defendants under plaintiff's § 1983 claim.  Therefore, since no action under color of state law has been committed by any named defendant, this court has no "federal question" jurisdiction over the above-captioned case.  28 U.S.C. § 1331.



To the extent Plaintiff is instead intending to assert a state law claim, the tort of conversion is actionable under South Carolina law. *See* Oxford Finance Companies, Inc. v. Burgess, 303 S.C. 534, 539, 402 S.E.2d 480, 482, 1991 S.C. LEXIS® 29 (1991)(conversion of personal property arising out of landlord-tenant relationship); and Mackela v. Bentley, 365 S.C. 44, 614 S.E.2d 648, 650-651, 2005 S.C.App. LEXIS® 94 (S.C.Ct.App. 2005). The tort of "outrage"[4] is also actionable under South Carolina law. *See* Frazier v. Badger, 361 S.C. 94, 104, 603 S.E.2d 587, 592, 2004 S.C. LEXIS® 232 (2004); and Ford v. Hutson, 276 S.C. 157, 276 S.E.2d 776, 1981 S.C. LEXIS® 301 (1981)(recognizing cause of action, citing "with approval" four elements for cause of action adopted by the Supreme Court of Maine, and "adopt[ing] the rule of liability stated in § 46 of the Restatement (Second) of Torts relating to intentional infliction of emotional distress"). However, while state law claims are cognizable in a federal district court under the federal diversity statute, this court does not have diversity jurisdiction to consider any state law claims being raised by the plaintiff.

---

[4]The tort of "outrage" is the term, under South Carolina law, for the intentional infliction of emotional distress. Ford v. Hutson, 276 S.C. 157, 276 S.E.2d 776, 1981 S.C. LEXIS® 301 (1981).



The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties *and* an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
>    (1) citizens of different States[.]

28 U.S.C. § 1332.  Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978).  Here, complete diversity of parties does not exist because the plaintiff and the individual defendants are all citizens of South Carolina.  *See* 28 U.S.C. 1332; and Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806).[5]

In sum, the plaintiff has filed the above-captioned case in the wrong court. However, the dismissal of this case by this Court does not mean that plaintiff has no available judicial remedy.  Plaintiff can file suit against the defendants in a South Carolina Court of Common Pleas (such as the Court of Common Pleas for Richland County), which would have jurisdiction over a

---

[5]New provisions were added to the diversity statute in 2005 when the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005), was enacted.  Those new provisions are not applicable in the case *sub judice*.



cause of action arising under South Carolina law against other citizens of South Carolina. The office of the Clerk of Court for Richland County is located in the Richland County Judicial Center at 1701 Main Street in Columbia, South Carolina. The mailing address of the Clerk of Court for Richland County is Post Office Box 2766, Columbia, South Carolina 29202.

Finally, based on the forgoing, this case would ordinarily be subject to summary dismissal under 28 U.S.C. § 1915. However, the provisions of the 28 U.S.C. § 1915 do not apply in cases where the filing fee has been paid, as that statute refers to cases proceeding *in forma pauperis*. See Farese v. Scherer, 342 F.3d 1223, 1227-1229, 2003 U.S. App. LEXIS® 17017 (11th Cir. 2003); and Key v. DOT, Civil Action No. 2:01-CV-3076-18 [Order of the Honorable David C. Norton, United States District Judge, filed on December 7, 2001]. Nevertheless, notwithstanding the plaintiff's payment of the full filing fee of three hundred fifty dollars ($350), a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, supra, 147 F.3d at 352. *See also* Fed. R. Civ. P. 12(h)(3): "Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Payment of the full filing fee does not cure lack of jurisdiction.



Conner v. Greef, 99 Fed.Appx. 577, 579-580, 2004 U.S.App. LEXIS® 8397, 2004 WESTLAW® 898866 (6th Cir., April 26, 2004)(even where filing fee has been paid, district court may dismiss a complaint *sua sponte* where it is "totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, or no longer open to discussion"), *citing* Apple v. Glenn, 183 F.3d 477, 479, 1999 U.S.App. LEXIS® 15015 (6th Cir. 1999), *cert. denied*, 528 U.S. 1198, 146 L.E.2d 118, 120 S.Ct. 1263, 2000 U.S. LEXIS® 1732 (2000), and Hagans v. Lavine, 415 U.S. 528, 536-537, 39 L.Ed.2d 577, 94 S.Ct. 1372 (1974).

### *Recommendation*

Accordingly, it is recommended that the Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74. *See also* In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134, 1997 U.S.App. LEXIS® 1763 (6th Cir. 1997)(pleadings by non-prisoners should also be screened); and Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-364, 2000 U.S.App. LEXIS® 18180 (2nd Cir.

12



2000)("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.").

The plaintiff's attention is directed to the Notice on the next page.

Respectfully submitted,

January 8, 2007                              Bristow Marchant
Columbia, South Carolina            United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that she may file specific written objections to this Report and Recommendation with the District Court Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

## Larry W. Propes, Clerk
## United States District Court
## 901 Richland Street
## Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

14

